*Monday, November 13, 1995*

## MOTION DOCKET

**95-1551.** State ex rel. Waldick v. Williams. *Van Wert County,* No. 15–95–6. On October 30, 1995, appellant filed a memorandum opposing appellee's motion to expedite which was due October 27, 1995. S.Ct.Prac.R. XIV(1)(C) prohibits the filing of a document that is not timely tendered for filing. Accordingly,

IT IS ORDERED by the court, *sua sponte,* effective November 8, 1995, that appellant's memorandum opposing appellee's motion to expedite be, and hereby is, stricken.

**95-2159.** In re Kilbarger. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that a writ of habeas corpus be, and hereby is, allowed, effective November 9, 1995.

IT IS FURTHER ORDERED by the court that the writ shall be served by certified mail upon respondent, Jim Jones, Hocking County Sheriff, and that the respondent shall make due return of the writ on or before November 29, 1995, as prescribed in R.C. 2725.14.

IT IS FURTHER ORDERED by the court that it is not necessary to convey the prisoner before the court as prescribed in R.C. 2725.12.

IT IS FURTHER ORDERED by the court that petitioner may file a brief in response to respondent's return of the writ within twenty days after the filing of the respondent's return of the writ.

RESNICK, F.E. SWEENEY and COOK, JJ., dissent.

**95-2171.** Cleveland v. Dixon. *Cuyahoga County,* No. 68095. This cause is pending before the court as a discretionary appeal and claimed appeal of right. Upon consideration of appellant's motion for stay of execution of sentence,

IT IS ORDERED by the court that the motion for stay of execution of sentence be, and hereby is, denied, effective November 7, 1995.

WRIGHT, J., dissents.

**95-2227.** In re Annexation of 57.035 Acres of Liberty Twp. to Youngstown. *Trumbull County,* No. 95–T–5186. This cause is pending before the court as a discretionary appeal. Upon consideration of appellant's motion to stay the execution of the judgment mandate from the court of appeals pending the disposition of an appeal in this court,

IT IS ORDERED by the court that the motion to stay the execution of the judgment mandate from the court of appeals pending the disposition of an appeal in this court be, and hereby is, granted, effective November 7, 1995.

PFEIFER, J., dissents.

## MISCELLANEOUS DISMISSALS

**95-1655.** Sateren v. Sateren. *Franklin County,* No. 94APF12–1773. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Upon consideration of appellant's application for dismissal without prejudice,

IT IS ORDERED by the court that the application for dismissal without prejudice be, and hereby is, granted, effective November 8, 1995.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.